NO. 22-30320

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

RONALD CHISOM; MARIE BOOKMAN, ALSO KNOWN AS GOVERNOR;
URBAN LEAGUE OF LOUISIANA,
*Plaintiffs – Appellees*

UNITED STATES OF AMERICA; BERNETTE J. JOHNSON
*Intervenor Plaintiffs - Appellees*

VERSUS

STATE OF LOUISIANA, EX. REL., JEFF LANDRY, ATTORNEY GENERAL
*Defendant-Appellant*

---

On Appeal from the United States District Court
for the Eastern District of Louisiana
2:86-4075

---

**GOVERNOR JOHN BEL EDWARDS'
BRIEF AS *AMICUS CURIAE*
IN OPPOSITION TO APPELLEE, STATE OF LOUISIANA
EX REL., JEFF LANDRY, ATTORNEY GENERAL**

---

MATTHEW F. BLOCK (Bar Roll # 25577)
Office of the Governor
Louisiana State Capitol
4th Floor
P.O. Box 94004
Baton Rouge, Louisiana  70804-9004
Telephone:  (225) 342-7015
Facsimile:  (225) 208-1524
Email:      matthew.block@la.gov
***Attorney for GOVERNOR JOHN BEL
    EDWARDS***

i

## CERTIFICATE OF INTERESTED PERSONS

| Appellees: | Counsel for Appelllees: |
|---|---|
| Marie Bookman<br><br>Ronald Chisom | Leah Aden of NAACP<br>New York, NY<br><br>Alaizah Koorji of NAACP<br>New York, NY<br><br>Ronald Wilson of Blake Jones Law Firm, L.L.C.<br>New Orleans, LA<br><br>William Quigley<br>New Orleans, LA |
| Bernette Johnson | Immesit O'Boyle of Chehardy Sherman Williams, L.L.P.<br>Metairie, LA<br><br>Nora Ahmed of American Civil Liberties Union<br>New Orleans LA<br><br>Jon Greenbaum of Lawyers' Committee for Civil Rights Under Law<br>Washington, D.C. |
| United States of America | Peter Mansfield of U.S. Atty's Office<br>New Orleans, LA<br><br>Erin Flynn of U.S. Dep't of Justice<br>Washington, D.C.<br><br>Yael Bortnick of U.S. Dep't of Justice<br>Washington, D.C.<br><br>Emily Brailey of U.S. Dep't of Justice<br>Washington, D.C. |
| Urban League of Louisiana | Leah Aden of NAACP<br>New York, NY |

|  | Alaizah Koorji of NAACP<br>New York, NY<br><br>Ronald Wilson of Blake Jones Law Firm, L.L.C.<br>New Orleans, LA<br><br>William Quigley<br>New Orleans, LA<br><br>Michael de Leeuw of Cozen O'Connor, P.C.<br>New York, NY |
|---|---|

**Appellants**      **Counsel for Appellants**

| Appellants | Counsel for Appellants |
|---|---|
| State of Louisiana | Elizabeth Murrill of Office of the Attorney General<br>Baton Rouge, LA<br><br>Angelique Freel of Louisiana Department of Justice<br>Baton Rouge, LA<br><br>Shae McPhee of Louisiana Department of Justice<br>New Orleans, LA<br><br>Carey T. Jones of Louisiana Department of Justice<br>Baton Rouge, LA<br><br>Lauryn Sudduth of Louisiana Department of Justice<br>Baton Rouge, LA<br><br>Jeffrey Michael Wale of Louisiana Department of Justice<br>Baton Rouge, LA |

| Governor | Counsel for Governor |
|---|---|
| Governor John Bel Edwards | Matthew F. Block, Executive Counsel, Office of the Governor Baton Rouge, LA |

*s/Matthew F. Block*
Attorney for Governor John Bel Edwards

## STATEMENT OF IDENTITY OF AMICUS CURIAE

John Bel Edwards is Governor and Chief Executive of the State of Louisiana. In this role, the Governor asserts his duty and right to argue in the interest of the citizenry of the State of Louisiana. The Governor's brief is necessary and valuable to the proceedings at hand, since they will provide this Court with additional insight into the position of the executive branch of the government of the State of Louisiana. Appellant, the Attorney General ex rel. the State of Louisiana, does not represent the Governor in this matter and thus cannot be said to represent the executive authority of the State or all the state parties to the consent decree.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT OF IDENTITY OF AMICUS CURIAE .......................................... v

TABLE OF CONTENTS ............................................................................ vi

TABLE OF AUTHORITIES .................................................................. vii

JURISDICTIONAL STATEMENT ...................................................... viii

ISSUES PRESENTED FOR REVIEW ..................................................... 1

STATEMENT OF THE CASE .................................................................... 2

SUMMARY OF THE ARGUMENT ...................................................... 4

ARGUMENT ............................................................................................ 6

I.      The Governor, as Chief Executive of the State of Louisiana, opposes the
        Attorney General's position. ........................................................... 6

II.     The Attorney General has insufficient evidence for the claim that the consent
        decree is no longer necessary. ...................................................... 7

CONCLUSION ..................................................................................... 11

CERTIFICATE OF SERVICE ............................................................. 12

CERTIFICATE OF COMPLIANCE .................................................... 13

RULE 29 COMPLIANCE STATEMENT ............................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Chisom v. Jindal*, <u>890 F. Supp. 2d 696</u> (E.D. La. 2012)..................................3

*Chisom v. Roemer*, <u>501 U.S. 380</u> (1991); ............................................6

*Fusilier v. Landry*, <u>963 F.3d 447, 454</u> (5th Cir.2020) ............................6

*Hall v. Louisiana*, <u>983 F. Supp. 2d 820, 824</u> (M.D. La. 2013)...............6

*Inmates of Suffock County Jail v. Rufo* (*Rufo II*), <u>12 F.3d 286</u> at 292 (1st Cir. 1993) .......................................................................9

*Prejean v. Foster*, <u>83 Fed. App'x 5</u> (5th Cir. 2003) ..............................6

*Shelby Cnty., Ala. v. Holder*, <u>570 U.S. 529, 536</u>–37; (2013)................9

**Statutes**

La. R.S. 18:1276 ......................................................................7

Voting Rights Act of 1965, Pub. L. 89-110, <u>79 Stat. 437</u> .......................9

**Other Authorities**

Executive Office of Governor John Bel Edwards, Veto Letter re: Veto of House Bill 1 of the 2022 First Extraordinary Session, March 9 2022, https://legis.la.gov/Legis/ViewDocument.aspx?d=1258719, last accessed 10/24/22 .......................................................................8

**Rules**

*See* <u>Fed. R. Civ. P. 25(g)</u>...................................................6

**Constitutional Provisions**

La. Const. art. IV § 5............................................................6

La. Const. art. III § 18..........................................................6

La. Const. art. IV § 5............................................................6

## JURISDICTIONAL STATEMENT

The instant matter arises from a case which was initially filed in 1986, in which Plaintiffs challenged Louisiana's Supreme Court district allocations under the Voting Rights Act of 1965. Thus, the district court had jurisdiction under 28 U.S.C. §1331. Thereafter, parties signed a consent judgment resolving plaintiffs' claims. *See* ROA.1935. In 2021, the Attorney General moved the district court to dissolve the consent judgment, which the district court denied. ROA.1957. The Attorney General has brought his appeal under 28 U.S.C. § 1292(a)(1).

## ISSUES PRESENTED FOR REVIEW

- Did the district court err in denying the Attorney General's motion to upset the consent decree?
  - Did the Attorney General make a sufficient case for upsetting the longstanding status quo of judicial apportionment in Louisiana?

**STATEMENT OF THE CASE**

In 1986, Plaintiffs filed a class action complaint against the State of Louisiana and several of its officials challenging the method for selecting Louisiana Supreme Court justices from the then-First Supreme Court District as violative of the Voting Rights Act of 1965, 52 U.S.C. § 10301, arguing that it diluted the strength of minority voters in Orleans Parish. R. Doc. 324 at 2. After six years of litigation, the parties entered into a consent judgment, executed in 1992. *Id*. The consent judgment had several lasting effects, among other things creating a new majority-Black district. R. Doc. 324 at 3. In 1997, the legislature passed Act 776 of 1997, which provided for the formal and permanent reapportionment of the state's supreme court districts and included a seventh district which satisfied the terms of the consent judgment. *Id*. Those districts remain in place today. *Id*. The consent judgment remains in place today as it provides that the Court "shall retain jurisdiction over this case until the complete implementation of the final remedy has been accomplished." R. Doc. 324 at 3, citing R. Doc. 257-4 at 8.

In 2012, federal litigation arose over the interpretation of the consent judgment's language with respect to years of service on the Louisiana Supreme Court for the purpose of counting seniority. R. Doc. 324 at 3. The Court ruled in favor of the Plaintiff in that matter, Justice Bernette Johnson, and it expressly retained jurisdiction over this case for purposes of effecting the final remedy

contemplated in the consent judgment. R. Doc. 324 at 4,5, citing *Chisom v. Jindal*, 890 F. Supp. 2d 696 (E.D. La. 2012).

In 2021, the Attorney General filed a motion to dissolve the Consent Judgment, and the district court found the following: 1) The consent judgment is an institutional reform decree designed to ensure that, under the Voting Rights Act, Black voters in Orleans Parish have an equal opportunity to participate in the political process, both at the time the consent judgment was entered and in the future; 2) the Attorney General did not meet his burden of showing the consent judgment should be terminated under the first clause of Rule 60(b)(5), though there has been no implementation of the contemplated final remedy of the consent judgment; and 3) the attorney general did not meet his burden of showing the consent judgment should be terminated under the third clause of Rule 60(b)(5), and that the Attorney General did not show that continued enforcement is no longer equitable due to changed circumstances or detriment to the public interest. R. Doc. 324. For those reasons, the district court denied the Attorney General's request, and the Attorney General now appeals from that decision.

## SUMMARY OF THE ARGUMENT

The Governor has a significant interest in ensuring that this consent decree, to which he is a party, is maintained. His role as chief executive of the state vests him with the authority and duty to ensure that the Constitution and the laws of the State of Louisiana and the United States are faithfully executed. In a state with a long and checkered history of racial inequality at the polls and in apportionment for political and judicial districts, ongoing oversight and enforcement of Section 2 of the Voting Rights Act of 1965 and the Fifteenth Amendment to the United States Constitution are of paramount importance. The consent decree which appellants seek to dissolve remains a valuable and important piece of this effort.

As chief executive of the State of Louisiana, the Governor asserts his duty and right to argue in the interest of the citizenry of the State of Louisiana. The Governor's brief is necessary and valuable to the proceedings at hand, since they will provide this Court with additional insight into the position of the executive branch of the government of the State of Louisiana. Appellant, the Attorney General ex rel. the State of Louisiana, does not represent the Governor in this matter and thus cannot be said to represent the executive authority of the State or all the state parties to the consent decree.

Dissolving the consent decree at this juncture would cause an unnecessary and undue disruption of the status quo. Furthermore, the legislature has not enacted a

new map of judicial districts which would call into question the necessity or viability of the consent decree.

In this proceeding, the Attorney General seeks to overturn a ruling of the district court which rejected his initial request to dissolve a longstanding consent decree which promotes fair representation in Louisiana's judiciary. Appellant has attacked, among other things, whether this consent decree is proper in light of federalism concerns and whether the State has complied with the consent decree's terms. Dissolving this decree without the Governor's voice as a part of the discussion could set a precedent which could leave future Governors at the mercy of future attorneys general and without the authority to litigate their own rights in this Circuit.

The disagreement between the Governor and the Attorney General presents its own set of federalism concerns. The Governor opposes the Attorney General's position and maintains that the matter was properly decided by the district court. The Attorney General has insufficient evidence for the claim that the consent decree is no longer necessary.

## ARGUMENT

**I.     The Governor, as Chief Executive of the State of Louisiana, opposes the Attorney General's position.**

The Governor is a party to the consent decree at issue in this case.[1] The "Governor has been a party defendant in nearly all of Louisiana's voting rights cases challenging judicial districts, and as chief executive, he plays a pivotal role in the enactment of legislation that could address any adverse federal judgment."[2] Further, the Governor is charged by the Constitution of Louisiana to play an integral role in the enactment and execution of legislation. La. Const. art. III § 18 and art. IV § 5. In this capacity, he has a duty to "faithfully support the constitution and laws of the state and of the United States and shall see that the laws are faithfully executed." La. Const. art. IV § 5. When legislation or other executive action jeopardizes the rightful suffrage of citizens of the State, in violation of Section 2 of the Voting Rights Act and the Fifteenth Amendment to the Constitution of the United States, he is properly the first line of defense.

---

[1] *See* Fed. R. Civ. P. 25(g), which states that a public officer's successor in office is "automatically substituted as a party." *See also, generally,* Consent Decree, Dkt. No. 257-4.

[2] *Fusilier v. Landry*, 963 F.3d 447, 454 (5th Cir.2020); *see also Chisom v. Roemer*, 501 U.S. 380 (1991); *Prejean v. Foster*, 83 Fed. App'x 5 (5th Cir. 2003); *Hall v. Louisiana*, 983 F. Supp. 2d 820, 824 (M.D. La. 2013).

6

The Attorney General argues that this Court should overturn the district court's ruling, since it "implicate(s) sensitive federalism concerns." Appellant's Opening Brief, at 25. However, as the Chief Executive of the State, the Governor here takes a contrary position to the Attorney General and agrees that the matter was properly decided by the District Court. While the Governor did not file pleadings in the district court, the Attorney General's pursuit of this matter in this Court warrants a response from the Governor. Since the Governor did not file a response in the District Court, although still named as a party, the Governor has alternatively styled this matter as an amicus brief in acknowlegedment of the unique procedural posture of this brief.

## II.     The Attorney General has insufficient evidence for the claim that the consent decree is no longer necessary.

No legislation regarding the Louisiana Supreme Court's apportionment advanced to the Governor's desk for signature since he took office in January of 2016. However, regarding reapportionment for the state's congressional districts, the legislature did enact House Bill 1 of the 2022 First Extraordinary Session, via a legislative override of the Governor's veto, which became Act No. 5 of the 2022 First Extraordinary Session of the Louisiana legislature.[3] The Governor vetoed this

---

[3] *See* La. R.S. 18:1276, Act No. 5 of the 2022 First Extraordinary Session of the legislature of Louisiana.

redistricting plan because it "violates section 2 of the Voting Rights Act of 1965 and further is not in line with the principle of fundamental fairness that should have driven" the legislature in its redistricting process. The enactment of Act No. 5 had the effect of denying the state's Black voters, who comprise very nearly one-third of the state's population, a second majority-minority district and fair representation.[4] While the legal challenge to the legislature's actions on congressional districts remains pending, the legislature's actions demonstrate that the goal of the consent decree—"to ensure black voters in the Parish of Orleans have an equal opportunity to participate in the political process and to elect candidates of their choice—"[5] remains at risk.

The Attorney General, in all his arguments, points to no positive action taken by the legislature to fully remedy the injustice which necessitates this consent judgment, and "no evidence that the 'final remedy' of the consent decree has been fulfilled." ROA.1730. As the district court correctly found, the "purpose of the Consent Judgment" was "to ensure compliance with Section 2 of the Voting Rights Act." ROA.1940. "Section 2 was enacted to forbid, in all 50 States, any "standard,

---

[4] *See* Executive Office of Governor John Bel Edwards, Veto Letter re: Veto of House Bill 1 of the 2022 First Extraordinary Session, March 9 2022, https://legis.la.gov/Legis/ViewDocument.aspx?d=1258719, last accessed 10/24/22.

[5] R. Doc. 257-4 at 7.

practice, or procedure . . . imposed or applied . . . to deny or abridge the right of any citizen of the United States to vote on account of race or color."[6] Without the consent decree in effect, the legislature would be free to reinstate districts which have the effect of abridging citizens' right to vote for their candidates of choice. Such action could further whittle away, or even wholly dismantle, the representation that this state's minority voters currently have on the Louisiana Supreme Court. As the District Court found,

> The Court ultimately must be satisfied "there is relatively little to no likelihood that the original . . . violation will be promply repeated when the decress is lifted." Indeed, some courts have required violators to present a formal plan going forward to demonstrate good faith compliance.[7]

This is a critical provision in the District Court's decision as it demonstrates the fatal flaw in the Attorney General's position. Under the status quo, any reapportionment by the legislature is subject to the consent decree. Thus, it may be that the legislature could reapportion the supreme court districts in a manner that would ensure fair representation of Black voters. Should it chose to do so, any new legislative plan should be subject to the review of this Court to determine if the goals of the consent

---

[6] *Shelby Cnty., Ala. v. Holder*, 570 U.S. 529, 536–37; (2013), *citing* Voting Rights Act of 1965, Pub. L. 89-110, 79 Stat. 437.

[7] R. Doc. 324, *citing Inmates of Suffock County Jail v. Rufo* (*Rufo II*), 12 F.3d 286 at 292 (1st Cir. 1993).

9

decree have been met, and that a "final remedy" has been enacted. However, absent that action, the Atttorney General is asking for this court to give the legislature the freedom to enact supreme court districts that may be directly in conflict with the stated goals of the consent decree, with the only remedies being a potential gubernatorial veto or a new round of litigation, effectively re-litigating whas has already been decided for almost three decades.

## CONCLUSION

This consent decree has protected Black voter representation on the Louisiana Supreme Court and should continue to do so, unless and until the State of Louisiana has enacted a "final remedy" that ensures this protection. It has not yet done so. As such, the District Court's decision denying the Attorney General's attempt to dissolve the consent decree should be affirmed.

Respectfully submitted:

*s/Matthew F. Block*

_____

MATTHEW F. BLOCK (Bar Roll # 25577)
Office of the Governor
Louisiana State Capitol
4th Floor
P.O. Box 94004
Baton Rouge, Louisiana 70804-9004
Telephone:  (225) 342-7015
Facsimile:  (225) 208-1524
Email:          matthew.block@la.gov
***Attorney for GOVERNOR JOHN BEL EDWARDS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF filing system, and therefore service will be effectuated by the Court's electronic notification system upon all counsel or parties of record.

Dated October 24, 2022.

*s/Matthew F. Block*

_____

MATTHEW F. BLOCK (Bar Roll # 25577)
Office of the Governor
Louisiana State Capitol
4th Floor
P.O. Box 94004
Baton Rouge, Louisiana 70804-9004
Telephone:  (225) 342-7015
Facsimile:   (225) 208-1524
Email:            matthew.block@la.gov
***Attorney for GOVERNOR JOHN BEL EDWARDS***

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that:

1.    This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,805 words, exclusive of parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016, Times New Roman, 14-point font.

*s/Matthew F. Block*
_____
**MATTHEW F. BLOCK**
***Attorney for GOVERNOR JOHN BEL EDWARDS***

## RULE 29 COMPLIANCE STATEMENT

Undersigned counsel hereby certifies that counsel for the Governor, and no other party, authored this brief in whole or in part.  No money from any party or party's counsel, nor any other person, contributed any money intended to fund preparing or submitting this brief.

*s/Matthew F. Block*
_____
**MATTHEW F. BLOCK**
***Attorney for GOVERNOR JOHN BEL EDWARDS***