# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
### No. 22-30320

## RONALD CHISOM; MARIE BOOKMAN, ALSO KNOWN AS GOVERNOR; URBAN LEAGUE OF LOUISIANA,

*Plaintiffs-Appellees*

## UNITED STATES OF AMERICA; BERNETTE J. JOHNSON,

### Intervenor Plaintiffs - Appellees

### v.

## STATE OF LOUISIANA, EX REL, JEFF LANDRY, ATTORNEY GENERAL,

### Defendant-Appellant

---

## ON APPEAL FROM
## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

---

## AMICUS CURIAE BRIEF IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING *EN BANC*

---

### COUNSEL FOR AMICUS

**Jon K. Guice,** jguice@hamsil.com, Louisiana Bar Roll No. 20841
**John Richard Blanchard,** jblanchard@hamsil.com, Louisiana Bar Roll No. 31703
**Timothy Joseph Riveria**, triveria@hamsil.com, Louisiana Bar Roll No. 39585
**John Scott Thomas,** sthomas@hamsil.com, Louisiana Bar Roll No. 22635

**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS LLP**
2431 S. Acadian Thruway, Ste. 600
Baton Rouge, Louisiana 70808
Telephone:  225/923-3462

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in this *amicus* brief. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**<u>Defendants-Appellants</u>**

Jeff Landry, Attorney General of Louisiana

Elizabeth Murrill, Solicitor General

Shae McPhee, Deputy Solicitor General

Morgan Brungard, Assistant Solicitor General

Angeligue Duhan Freel, Assistant Attorney General

Carey T. Jones, Assistant Attorney General

Jeffery Michael Wale, Assistant Attorney General

**<u>Amicus – Louisiana School Boards Association ("LSBA") Board of Directors</u>**

| | |
|---|---|
| Rose Dominguez, President | Taft Kleinpeter, Board Member |
| Dr. Janet Pope, Executive Director | Jim Seaman, Board Member |
| Vernon Travis, President-Elect | Delo Hebert, Board Member |
| Katherine Lemoine, Vice-President | Veronica Tappin, Board Member |
| Debbie Shum, Board Member | Aimee Dupuy, Board Member |
| Sue Beier, Board Member | Reba Phelps, Board Member |
| Linda Chaney, Board Member | Glenwood "Glen" Bullard, Board Member |

Brandon Harrell, Board Member

Kasandria White, Board Member

Yolanda Laws, Board Member

**<u>Attorneys for Amicus</u>**

Jon K. Guice

John Richard Blanchard

Timothy Joseph Riveria

John Scott Thomas

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................... i

Table of Contents ..................................................................................... ii

Table of Authorities ............................................................................... iii

    I.    Interest of *Amicus Curiae* ...................................................... 1

    II.   Argument ............................................................................ 2

        a.  The Fifth Circuit's *Dowell* Opinions Do Not Include A Requirement to Show Future Compliance ............................................. 2

        b.

        c.  The Louisiana School Boards Association Supports the State's Petition for Rehearing En Banc ...................................... 9

    III.  Conclusion .......................................................................... 10

Certificate of Service .............................................................................. 12

Certificate of Compliance ....................................................................... 12

Rule 29 Compliance Statement .............................................................. 13

# TABLE OF AUTHORITIES

## United States Supreme Court

*Board of Education of Oklahoma City Public Schools, Independent School District No. 89 v. Dowell*,
 498 U.S. 237 (1991) ...................................................................................*passim*
*Freeman v. Pitts*,
 503 U.S. 467 (1992) ...............................................................4, 8, 9, 10
*Parents Involved in Community Schools v. Seattle Sch. Dist. No. 1,*
 551 U.S. 701 (2007) .................................................................. 7
*Pasadena City Bd. of Educ. v. Spangler*,
 427 U.S. 424 (1976) ............................................................... 10

## United States Circuit Courts of Appeals

*Anderson v. School Board of Madison County*,
 517 F.3d 292 (2008) (5th Cir. 2008)........................................ 4, 5, 6, 8-9
*Borel on behalf of AL v. Sch. Bd. Saint Martin Par.*,
 44 F.4th 307 (5th Cir. 2022) ................................................... 5
*Cavalier ex rel. Cavalier v. Caddo Par. Sch. Bd.*,
 403 F.3d 246 (5th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Mar. 29, 2005)............................................................................. 7
*Chisom v. Louisiana ex rel. Landry*,
 No. 22-30320 (5th Cir. Oct. 25, 2023) .................................... 3
*Flax v. Potts*, 915 F.2d 155 (5th Cir. 1990) ..................................... 9
*Guajardo v. Texas Dept. of Criminal Justice*, 363 F.3d at 394 (5th Cir. 2004)...................... 9
*Hull v. Quitman Cnty. Bd. of Educ.*, 1 F.3d 1450 (5th Cir. 1993)......................................... 4
*Inmates of Suffolk Cnty. Jail v. Rufo*, 12 F.3d 286 (1st Cir. 1993) ........................................ 6
*Johnson v. Heffron*, 88 F.3d 404 (6th Cir. 1996) ................................................6-7
*Lemon v. Bossier Parish Sch. Bd.*, 444 F.2d 1400 (5th Cir.1971)................................ 5

*Lewis v. Ascension Par. Sch. Bd.,* 662 F.3d 343 (5th Cir. 2011) ............................................ 7

*Monteilh v. St. Landry Parish Sch. Bd.,* 848 F.2d 625 (5th Cir.1988) ................................ 9

*Moore v. Tangipahoa Par. Sch. Bd.,* 921 F.3d 545 (5th Cir. 2019) .......................................... 9

*United States v. Fletcher ex rel. Fletcher,*
    882 F.3d 151 (5th Cir. 2018) ............................................................. 5, 8

*Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.,*
    756 F.3d 380 (5th Cir. 2014) ............................................................. 10

*U.S. v. Overton,*
    834 F.2d 1171 (5th Cir. 1987) ............................................................. 8

**United States District Courts**

*Chisom v. Edwards,* 342 F.R.D. 1 (E.D. La. 2022) ................................................... 3

## I.    INTEREST OF *AMICUS CURIAE*

The Louisiana School Boards Association ("LSBA") is a non-profit entity created in 1947 with the purpose of providing leadership, service, and support for the 69 elected school boards across the state. As the organization supporting all elected public school boards in Louisiana, LSBA has a keen interest in ensuring that parish school boards have clarity in understanding active institutional reform consent orders. Further, to the best of undersigned counsel's knowledge, at least 12 Louisiana school boards are still involved in long-standing school desegregation cases. The Fifth Circuit's affirmance of the District Court's ruling in this case has the possibility of directly impacting the ability of those systems to obtain judgments dismissing them from those cases, especially if terminating a consent decree now requires school boards to prove future compliance with the law. This new prong of *Dowell* moves the goal posts on how to end a desegregation case and it is unclear how future compliance could ever be proven.

One of the LSBA's guiding principles is local autonomy. This is because elected School Boards, as representatives of the community, need the freedom and capacity to make the educational policy decisions that best meet the needs of their local communities. Further, as explained in this brief, the United States Supreme Court has stated that local control of education is a vital national tradition and should be returned to their elected officials at the earliest practicable date. To impose an additional requirement of proving future compliance would be inconsistent with the goal of returning local autonomy to school districts currently under consent orders. For these

reasons, the LSBA has an important perspective and interest in the outcome of this litigation and the Fifth Circuit's interpretation of the United States Supreme Court's desegregation standards.

Therefore, the LSBA believes that this *amicus* brief will help the Court make the critical decision to grant rehearing *en banc*.

## II.    ARGUMENT

### a.  THE FIFTH CIRCUIT'S OPINIONS INTERPRETING *DOWELL* DO NOT INCLUDE A REQUIREMENT TO SHOW FUTURE COMPLIANCE.

In the panel opinion issued in this matter on October 25, 2023, the Fifth Circuit Court of Appeals discussed desegregation law in affirming the Eastern District Court's denial of the State of Louisiana's ("the State") motion to dissolve the consent order currently in effect in this matter. In denying the State's motion, under Rule 60(b)(5), to dissolve the consent decree in this longstanding litigation, the Panel examined the District Court's utilization of *Board of Education of Oklahoma City Public Schools, Independent School District No. 89 v. Dowell*. 498 U.S. 237, 250 (1991). This brief will solely discuss this interpretation of *Dowell* and its potential impact on Louisiana school boards' ability to obtain dismissal of longstanding desegregation orders.

In affirming the District Court, the Panel reviewed the District Court's interpretation of *Dowell* as part of its analysis of the first clause of Rule 60(b)(5). The District Court held that, "although the State has complied with the terms of the Consent Judgment" by implementing items in the consent order as required, it "has not shown

that there is little or no likelihood the original violation will not be repeated when the Consent Judgment is lifted." *Chisom v. Edwards*, 342 F.R.D. 1, 12 (E.D. La. 2022). The District Court also stated that "the [Dowell] good faith inquiry looks to both past compliance and future prospects." *Id.* at 11.

The LSBA is concerned about the District Court and the Panel's interpretation of *Dowell* because it potentially adds an additional requirement to the long-established *Dowell* test. As correctly stated in the Panel decision, the two-pronged *Dowell* test is "whether the [State] had complied in good faith with the . . . decree since it was entered, and whether the vestiges of past discrimination had been eliminated to the extent practicable." *Chisom v. Louisiana ex rel. Landry*, No. 22-30320, at p. 25 (5th Cir. Oct. 25, 2023). In its decision in this matter, however, the Panel stated that *Dowell* examines "both past compliance and 'future prospects.'" *Id.* at p. 24. It also held that the first prong of *Dowell* requires a showing of "'relatively little or no likelihood' of repeat violation once the Consent Order is terminated." *Id.* at p. 24. In the context of desegregation cases, or any other Fifth Circuit case, this Circuit has not interpreted *Dowell* in a similar manner.

In fact, in *Dowell* itself, the Supreme Court overturned the Tenth Circuit Court of Appeal's reliance on the statement "compliance alone cannot become the basis for modifying or dissolving and injection." 498 U.S. at 249. The Supreme Court went on to explain the following:

> A district court need not accept at face value the profession of a school board which has intentionally discriminated that it will cease to do so in the future. But in deciding whether to modify or dissolve a desegregation decree, a school board's compliance with previous court orders is obviously relevant. *Id.*

Therefore, the Supreme Court found that compliance with previous court orders is definitely relevant. The Supreme Court went on to set forth the *Dowell* test to explain the required two elements to modify or dissolve a desegregation decree. This Fifth Circuit has implemented this test without a required of a showing of future compliance actions.

To analyze the first prong of *Dowell*, during the appropriate time period determined by the District Court, the court must determine whether a school district complied with its orders in good faith.[1] The Fifth Circuit has interpreted *Dowell* as requiring a retrospective examination of institutional actions. In the seminal case of *Anderson v. School Board of Madison County*, the Fifth Circuit stated that, "[a] school district seeking the termination of federal court supervision must first show that it has 'consistently complied with a court decree in good faith.'" 517 F.3d 292, 297 (2008) (5th Cir. 2008) (citing *Hull v. Quitman Cnty. Bd. of Educ.*, 1 F.3d 1450, 1454 (5th Cir. 1993) and *Freeman v. Pitts*, 503 U.S. 467, 498 (1992)).

---

[1] The second prong of *Dowell* is not discussed herein extensively, as it was not discussed in the Panel decision as requiring a demonstration of future compliance.

To examine the initial prong of *Dowell*, the *Anderson* opinion solely examines the district court's review of the school district's past compliance with its orders. *Id.* at 297-298. There was no discussion of an additional requirement regarding <u>prospective</u> constitutional compliance. In upholding the sufficiency of the lower court's review, this Court has found that past compliance with orders "constitute[d] compliance for a reasonable amount of time." *Id.* at 298 (citing *Lemon v. Bossier Parish Sch. Bd.*, <u>444 F.2d 1400, 1401</u> (5th Cir.1971)). *Anderson* contains no examination of "future prospects."

Further, this Circuit has not otherwise interpreted *Dowell* or *Anderson* to require any additional prospective compliance element in the desegregation context. There was no mention of a future compliance element in the Fifth Circuit's recent decision in *Borel on behalf of AL v. Sch. Bd. Saint Martin Par.* <u>44 F.4th 307, 314</u> (5th Cir. 2022) (citing *Anderson*, <u>517 F.3d at 297</u>; *United States v. Fletcher ex rel. Fletcher*, <u>882 F.3d 151, 157</u>–60 (5th Cir. 2018)). In that opinion, the Fifth Circuit approved the lower court's review of the district's past compliance with its consent orders along with the second prong of *Dowell*—which examines whether vestiges of the dual systems were eliminated to the extent practicable. *Id.* Similarly, in *Fletcher ex rel. Fletcher*, the Fifth Circuit reviewed intervenors' appeal of the lower court's grant of unitary status to a school district. <u>882 F.3d at 156</u>. In affirming the lower court, the panel reviewed the district's past compliance "in good faith with desegregation orders for a reasonable amount of time." *Id.* at 157-159. Likewise, there was no discussed requirement to show "that there is

little or no likelihood the original violation will not be repeated when the Consent Judgment is lifted" or "future compliance." Until the Panel's ruling in this matter on October 25, 2023, no Fifth Circuit decision based on either *Anderson* or *Dowell* required any prospective showing of compliance to dissolve a consent decree.

As opposed to authority from the Supreme Court or the Fifth Circuit, the Panel cited *Inmates of Suffolk Cnty. Jail v. Rufo* ("Rufo II") regarding a showing of "relatively little or no likelihood" of repeat violations to exit a consent decree. 12 F.3d 286, 292 (1st Cir. 1993). Notably, this opinion is from the First Circuit Court of Appeals, and it is not a school desegregation case. We also reiterate that this interpretation of *Dowell* has never been rendered by the Fifth Circuit in examining any desegregation matter. Despite this fact, the Panel's interpretation of *Dowell* incorrectly indicates that it requires this additional showing. *Chisom*, No. 22-30320, at p. 25.

The Panel also cited *Johnson v. Heffron*, in support of the holding that, in addition to compliance for the thirty years, "*Dowell's* good faith inquiry examines both past compliance *and* 'future prospects.'" 88 F.3d 404 (6th Cir. 1996). *Johnson* is also a non-desegregation opinion from another circuit. This opinion concerns a consent order regarding the capacity of a jail. Notably, *Johnson* cites *Dowell* in stating "[j]udicial oversight over state institutions must, at some point, draw to a close." *Id.* at 407. This opinion also cites *Rufo II*, but states that "Defendants need not prove, nor could they

ever, that [Defendant's] population will always remain within the limits of the consent judgment."

In line with the cautionary language expressed in *Johnson*, the LSBA hereby states its position that its member parish school boards should not be required to prove <u>prospective</u> legal compliance in order to exit longstanding judicial oversight of desegregation cases. Similarly, per the Fifth Circuit's desegregation interpretations of *Dowell* thus far, parish school boards need not—nor could ever prove—that they will always remain within the limits of consent orders. In fact, this Circuit has applied strict scrutiny when districts were accused of continuing actions required by desegregation consent orders. In one such post-desegregation case, a parent alleged that a school board attempted to maintain racial balancing of students that it had attained while it was under a desegregation order. *Lewis v. Ascension Par. Sch. Bd.*, 662 F.3d 343, 349 (5th Cir. 2011). This Court applied strict scrutiny in that case and remanded the litigation to the lower court—stating "post-unitary 'racial balance' among the schools is at least in tension with the Supreme Court decision in *Parents Involved . . .*" *Id.* (citing *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, <u>551 U.S. 701</u> (2007)). Similarly, in *Cavalier ex rel. Cavalier v. Caddo Parish School Board*, this Circuit determined that it was unconstitutional for a parish to continue to consider race in determining admissions to a magnet school after judicial supervision was withdrawn. <u>403 F.3d 246</u> (5th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Mar. 29, 2005). As these opinions

demonstrate, a showing of future compliance may be prohibited by the constitution and may very well constitute an impossibility.  At the least, this showing has never before been required in our Circuit.

Indeed, when a school district achieves full unitary status and a desegregation case is fully and finally dismissed, a school district is "released ... from federal judicial superintendence, leaving it on the same footing with other state actors." *United States v. Overton*, 834 F.2d 1171, 1177 (5th Cir. 1987). Notably, if allegations about compliance with federal law arise after a desegregation case has closed, this Court has explained that:

> "... The [defendant School] Board, and the people ... who, in the end, govern their school system, must be aware that the door through which they leave the courthouse is not locked behind them. They will undoubtedly find that this is so if they fail to maintain the unitary system we conclude exists today."

*Fletcher*, 882 F.3d at 160.

Although this aspect is not at issue in this matter—because there is no dispute that the State has not complied with the "various action items" of the consent judgement at issue— we also briefly examine decisions in the Fifth Circuit concerning the relevant period of good faith compliance. The language "since it was entered" as it was used in *Dowell*, 498 U.S. at 250, was later cited by the Supreme Court in *Freeman*, to state it required "good-faith compliance ... over a *reasonable period of time*." 503 U.S. at 498 (emphasis added). In *Anderson*, the Fifth Circuit determined that a three-year period

of compliance was the relevant time period showing good faith compliance over a reasonable period of time. 517 F.3d at 297 (citing *Monteilh v. St. Landry Parish Sch. Bd.*, 848 F.2d 625, 629 (5th Cir.1988)). Other decisions required other time periods. *See Flax v. Potts*, 915 F.2d 155, 158 (5th Cir. 1990) (requiring a three-year period prior to determination of compliance); *Moore v. Tangipahoa Par. Sch. Bd.*, 921 F.3d 545, 548-549 (5th Cir. 2019) (endorsing the use of a two-year period of compliance). For purposes of desegregation cases, as opposed to requiring a showing of compliance since the entry of desegregation consent orders, it is clear that the Fifth Circuit allows district courts the discretion to determine the relevant *Dowell* period of good faith compliance.

### b. THE LOUISIANA SCHOOL BOARDS ASSOCIATION SUPPORTS THE STATE'S PETITION FOR REHEARING *EN BANC*.

For the reasons and concerns explained above, the LSBA supports the State's Petition for Rehearing of this matter *En Banc*. Additionally, the LSBA supports the notion that judicial oversight over parish school boards should have a reasonable end and is "not intended to operate in perpetuity." *Guajardo v. Tex. Dept. of Crim. Just.*, 363 F.3d at 394 (5th Cir. 2004) (quoting *Dowell*, 498 U.S. at 248). As explained in *Freeman v. Pitts*, "local autonomy of school districts is a vital national tradition," and Courts have a duty to return full control "at the earliest practicable date." 503 U.S. 467, 490 (1992).

LSBA also recognizes the importance of ensuring that school districts in Louisiana comply with court orders that are designed to remedy the harms caused by the *de jure* racially segregated school systems of the past. It is with the importance of

compliance with desegregation orders in mind that LSBA submits the concerns explained in this brief. School districts must know that consent orders provide them with the required "precise statement of its obligations under a desegregation decree." *Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.*, 756 F.3d 380, 386 (5th Cir. 2014) (citing *Dowell*, 498 at 245 (internal citations omitted) and *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424 (1976)).  If this Circuit allows courts to read unwritten and undefined future compliance concerns into the well-established test for unitary status, then desegregation orders will be far from precise roadmaps to unitary status. Rather, they will be uncertain guideposts that do not precisely define needed actions. This lack of clarity may never lead to unitary status and the goal of returning to the "vital national tradition" of local control of school districts. *See Freeman*, 503 U.S. at 490.

## III.    CONCLUSION

The new interpretation of *Dowell* by the Panel could radically impact school boards in Louisiana, and beyond. This interpretation would also obscure a long-established test for satisfying desegregation consent decrees and create major obstacles on the road to unitary status and full local control of education. For the forgoing reasons, *amicus* joins Appellants in urging the Court to grant the State's request for rehearing *en banc* and consider reversing the creation of a new future compliance prong that has never been required by *Dowell* or this Circuit.

**RESPECTFULLY SUBMITTED**, this the 15th day of November 2023.

**LOUISIANA SCHOOL BOARDS ASSOCIATION**

**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS LLP**
2431 S. Acadian Thruway, Suite 600 Baton Rouge, LA 70808
Telephone (225) 923-3462
Facsimile (225) 923-0315

*/s/  John Richard Blanchard*

**JON K. GUICE**
Louisiana Bar Roll No. 20841
jguice@hamsil.com,
**JOHN RICHARD BLANCHARD**
Louisiana Bar Roll No. 31703
jblanchard@hamsil.com
**TIMOTHY JOSEPH RIVERIA**
Louisiana Bar Roll No. 39585
triveria@hamsil.com
**JOHN SCOTT THOMAS**
Louisiana Bar Roll No. 22635
sthomas@hamsil.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/  John Richard Blanchard*

John Richard Blanchard
Counsel for Amicus Curiae

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,599 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Garamond font size 14, except for footnotes, which appear in Garamond font size 14.

*/s/  John Richard Blanchard*

John Richard Blanchard
Counsel for Amicus Curiae

## RULE 29 COMPLIANCE STATEMENT

Undersigned counsel hereby certifies that counsel for the Louisiana School Boards Association, and no other party, authored this brief in whole or in part. No money from any party or party's counsel, nor any other person, contributed any money intended to fund preparing or submitting this brief.

*/s/  John Richard Blanchard*

John Richard Blanchard
Counsel for Amicus Curiae